Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| JUAN CARLOS RODRÍGUEZ ALFONSO<br><br>Recurrido<br><br>v.<br><br>JOSÉ EDISON FELICIANO, MELISSA PINET Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionarios | KLCE202500235 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso núm.: CA2023CV03419<br><br>Sobre: Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de marzo de 2025.

Comparecen el señor José Edison Feliciano Torres, en adelante el señor Feliciano o el peticionario, la señora Melisa Pinet, en adelante la señora Pinet, y la sociedad legal de gananciales constituida por ambos, en conjunto los peticionarios. Solicitan que revoquemos una resolución interlocutoria mediante la cual el Tribunal de Primera Instancia, Sala de Carolina, en adelante TPI, declaró no ha lugar una moción de sentencia sumaria presentada por el peticionario.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

-I-

En el contexto de un pleito de cobro de dinero por la vía ordinaria, los peticionarios presentaron una *Moción de Sentencia Sumaria por Admisión de Parte a Favor*

*de la Parte Demandada Objeto de Estos Procedimientos*.[1] Alegaron, en síntesis, que por no haber recibido oportunamente las repuestas al requerimiento de admisiones, este se tiene por admitido. De modo que, el señor Juan Carlos Rodríguez Alfonso, en adelante el señor Rodríguez o el recurrido, admitió los hechos esenciales para la resolución de la controversia y procede desestimar la *Demanda* al amparo de la Regla 10.2 de Procedimiento Civil. Con su petición no presentaron documentos ni declaraciones juradas.

En cumplimiento de una orden del TPI, el recurrido presentó una *Oposición a Moción de Sentencia Sumaria por Admisión de Parte a Favor de la Parte Demandada Objeto de Estos Procedimientos*.[2] Arguyó que la moción de sentencia sumaria se basó exclusivamente en el reclamo de los peticionarios de que se consideraran admitidos los hechos contenidos en un requerimiento de admisiones, solicitud que el foro recurrido resolvió adversamente contra dicha parte. Sostuvo, además, que existe controversia sobre 10 hechos medulares, entre los cuales se encuentran: (1) la venta fraudulenta de la propiedad objeto de este caso; (2) la deuda en concepto de préstamo por la suma de $13,000.00; (3) si se opcionó la propiedad; (4) si venció el contrato; (5) la devolución de dos opciones; (6) los reembolsos parciales enviados al señor Rodríguez; y (7) la deuda de $10,500 a favor de los peticionarios. Con su escrito incluyó varios documentos y una declaración jurada.[3]

Con el beneficio de la comparecencia de ambas partes, el TPI declaró no ha lugar la solicitud de

---

[1] Apéndice de los peticionarios, págs. 22-27.
[2] *Id.*, págs. 48-87.
[3] *Id.*, págs. 59-87.

sentencia sumaria.[4] Determinó que existen controversias reales y sustanciales sobre los hechos: 1, 2, 3, 5, 6, 9 y 10. En cambio, no existe controversia sobre los hechos 4, 7 y 8.

Insatisfechos, los peticionarios presentaron una *Moción de Reconsideración (Entrada Número 89),*[5] en la que solicitaron que se declarara ha lugar la moción de sentencia sumaria. Reiteraron su posición a los efectos de que: "[d]ado que por disposición de ley y a tenor de las circunstancias de este caso, tiene que tenerse por admitido el requerimiento de admisiones de la parte demandada, el mismo permite disponer de este caso por la vía sumaria, porque dicho requerimiento atiende la totalidad de los asuntos de este caso".[6]

Oportunamente, el señor Rodríguez presentó una *Oposición a Moción de Reconsideración.*[7]

Así las cosas, el TPI declaró no ha lugar la solicitud de reconsideración.[8]

Aún inconformes, los peticionarios presentaron un *Certiorari* en el que alegan que el TPI cometió los siguientes errores:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO AVALAR LA MOCIÓN DE SENTENCIA SUMARIA DE LA PARTE RECURRENTE, LA CUAL SE FUNDAMENTA EN EL HECHO MATERIAL SUSTANCIAL E INDUBITADO SOBRE LA FALTA DE RESPUESTAS OPORTUNAS DE LA PARTE RECURRIDA AL REQUERIMIENTO DE ADMISIONES DE LA PARTE RECURRENTE, LO QUE OBLIGA A QUE SE TENGA POR ADMITIDO DICHO REQUERIMIENTO DE ADMISIONES, DE ACUERDO AL DERECHO POSITIVO VIGENTE.
>
> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO ACOGER LA MOCIÓN DE RECONSIDERACIÓN DE LA PARTE RECURRENTE DEL 28 DE ENERO DE 2025, EN LA QUE SE DISCUTE Y FUNDAMENTA EN DERECHO LOS MÉRITOS DE LA MOCIÓN DE SENTENCIA SUMARIA DE LA PARTE RECURRENTE.

---

[4] *Id.,* págs. 88-90.
[5] *Id.,* págs. 94-104.
[6] *Id.,* pág. 102.
[7] *Id.,* págs. 105-108.
[8] *Id.,* págs. 110-111.

Luego de revisar el escrito de los peticionarios y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[9]

1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[10] Distinto al recurso

---

[9] Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V).
[10] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[11] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[12]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[13]

---

[11] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.

[12] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

[13] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Mun. Caguas v. JRO Construction, Inc.*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

**B.**

En nuestro ordenamiento jurídico el mecanismo de sentencia sumaria procura, ante todo, aligerar la tramitación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo.[14] Así pues, para adjudicar en los méritos una controversia de forma sumaria, es necesario que de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y de cualquier otra evidencia ofrecida, surja que no existe controversia real y sustancial en cuanto a algún hecho material y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente.[15]

En *Meléndez González et al. v. M. Cuebas,* el Tribunal Supremo de Puerto Rico, en adelante TSPR, estableció el estándar específico que debe utilizar el Tribunal de Apelaciones para revisar una sentencia sumaria, a saber:

> **Primero**, reafirmamos lo que establecimos en *Vera v. Dr. Bravo*, *supra*, a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, … y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en el sentido de que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia y no puede adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo. La revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando

---

[14] *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010 (2020); *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018).

[15] *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019); *González Santiago v. Baxter Healthcare*, 202 DPR 281 (2019); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224-225 (2015).

a cabo todas las inferencias permisibles a su favor.

**Segundo,** por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil … y discutidos en *SLG Zapata-Rivera v. JF Montalvo*….

**Tercero,** en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

**Cuarto,** y por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[16]

## -III-

Como cuestión de umbral resolvemos que debido a que se recurre de la denegatoria de una moción de carácter dispositivo, tenemos facultad para atender el recurso ante nuestra consideración.

Para los peticionarios, el señor Rodríguez admitió no haber contestado, objetado o solicitado prórroga para contestar el requerimiento de admisiones. En consecuencia, este se tiene automáticamente por admitido. Ahora bien, como dichos requerimientos atienden la totalidad de los asuntos en controversia, procede disponer del pleito de epígrafe por la vía sumaria.

---

[16] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118-119, 122 (2015). (Énfasis en el original) (citas omitidas).

Sin embargo, luego de revisar cuidadosamente el escrito de los peticionarios y los documentos que los acompañan, consideramos que ni el remedio ni la disposición de la *Resolución* recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Finalmente, no encontramos ninguna situación al amparo de los restantes criterios de la Regla 40 que justifiquen la expedición del auto.

**-IV-**

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones